## Preparation and Distribution of Budget Forms

HERBERT N. SHENKIN, Deputy Attorney General, and DAVID STAHL, Attorney General, November 2, 1962.—You have requested our opinion as to your authority to issue and distribute annually, as needed, budget and financial report forms, herein referred to as budget forms, to counties of the second through eighth classes and county institution districts in second, third, seventh and eighth class counties,[1] in accordance with the provisions of section 1982 of the Second Class County Code of July 28, 1953, P. L. 723, 16 PS §4982, section 1785 of The County Code of August 9, 1955, P. L. 323, as amended, 16 PS §1785, and section 312 of the County Institution District Law of June 24, 1937, P. L. 2017, 62 PS §2262. In substance, these statutes provide for the preparation of budget forms by certain specified committees, and the issuance and distribution of the budget forms by the Secretary of Internal Affairs to the commissioners, controllers or auditors of the designated counties. The committees meet at the call of the Secretary of Internal Affairs.

---

[1] County institution districts in counties of the fourth, fifth and sixth classes were abolished by section 6 of the Act of September 19, 1961, P. L. 1495, 16 PS §2161.

Your basic question is whether the budget forms prepared by the committees in 1962, which you propose to distribute, are authorized for third class counties and institution districts in such counties.[2] You also raise questions as to the regularity and legality of the committee proceedings. Finally, you inquire as to your legal authority, in second, third, seventh and eighth class counties, to permit the filing of separate budget forms by the county and the institution district in such county. These problems will be dealt with in order.

(1) Third class county representatives have contended that the Act of September 19, 1961, P. L. 1495, 16 PS §2160 et seq., has prohibited the committees from preparing new budget forms for use in their counties. As noted above, this act abolished institution districts in fourth, fifth and sixth class counties. The act transferred to the respective counties the property, powers, duties and obligations of these institution districts. The act also contained other provisions relating to foster homes and the care of children and youths.

The only possible provision in the 1961 Act which touches our problem is section 3 which adds a new subsection to section 1785 of The County Code, supra:

"(f) It shall be the duty of the Secretary of Internal Affairs to include within the budget and report forms specified in this article the changes necessitated by the provisions of this act in regard to property, powers, duties and obligations of institution districts transferred to counties and the committee established by this section shall not be responsible therefor."

Subsection (f) obviously applies only to the institution districts "transferred to counties", viz., fourth, fifth and sixth class counties. It has no significance for

---

[2] It is clear, as will be seen below, that the answer to this question is equally applicable to all counties except those of the first class.

third class counties,[3] or, for that matter, second, seventh or eighth class counties. In this connection, it should be noted that the amendment relieves the committee of any responsibility for incorporating in the budget forms the changes necessitated by the 1961 Act in regard to the property, powers, duties and obligations of the transferred institution districts; this is made the sole duty of the Secretary of Internal Affairs.[4] But even in fourth, fifth and sixth class counties, we do not interpret the amendment as in any way modifying the committee procedure set up in section 1785 for the preparation of *new* budget forms.[5]

We conclude, therefore, that the duties of the committees and the Secretary of Internal Affairs with respect to the preparation of budget forms, as set forth in the statutory provisions referred to at the beginning of this opinion, are in no way affected by the 1961 Act.

(2) Your next question has to do with the legality of the committee proceedings leading up to the adoption of the new 1962 budget forms.

Were the forms produced by the committees or by your department? This department is satisfied that the new budget forms were properly prepared by the committees, and that all of the statutory provisions with respect to selection and appointment of committee

---

[3] In fact, although the Senate Bill which resulted in the 1961 Act originally provided for the abolishment of institution districts in third class counties as well, the final act was restricted to fourth, fifth and sixth class counties.

[4] The budget forms have not been revised for more than 20 years, and there has been widespread recognition of the need for such revision and modernization. In view of this, the Secretary of Internal Affairs decided to fulfill her duty under the 1961 amendment and at the same time initiate the committee procedure for a general revision of the budget forms.

[5] Except for the 1961 Act, the statutes dealing with the preparation and issuance of budget forms have not been amended or otherwise affected by the legislature.

members, notice of meetings, and committee action have been met. A final draft of the new budget form was unanimously adopted by all committees at a regularly scheduled meeting, the minutes of which were signed by all members of the committees.

Did the committees give consideration to the possible use of separate budget forms for certain counties and institution districts to meet special needs? Such consideration is provided for in section 1982(c) of the Second Class County Code, supra, and section 1785(d) of The County Code, supra; there is no comparable provision for institution districts. The short answer to this question is that the committees unanimously agreed on a standard budget form for all counties, and the final action speaks for itself. With separate committees for different classes of counties and institution districts meeting jointly, it is clear that the possibility of using separate forms would have had to receive consideration.

(3) May the Secretary of Internal Affairs permit second, third, seventh and eighth class counties, and institution districts in such counties, at their election, to file separate budgets instead of one budget for the county and institution district? There is no statutory provision on this subject and it is our opinion that this is a purely administrative matter for your decision. You indicate that some counties would prefer separate filing. As all of the necessary information prescribed by the committees to be included in the budget forms would be readily available whichever method of filing was chosen, there is no reason not to permit such an election.

It is our opinion, therefore, and you are accordingly advised, that the duties and responsibilities of the committees and the Secretary of Internal Affairs to prepare and distribute budget forms in all counties except those of the first class, as provided for in section 1982

of the Second Class County Code, section 1785 of The County Code, and section 312 of the County Institution District Law, all supra, have not in any way been affected by the provisions of the Act of September 19, 1961, P. L. 1945, 16 PS §2160 et seq., or any other legislation; that the committees acted in accordance with the statutory mandates in adopting the new 1962 budget forms; and that in second, third, seventh and eighth class counties you may permit the counties and the institution districts therein, at their election, to file separate budgets.